# Exhibit C

1  LAURA A. STOLL (SBN 255023)
   *LStoll@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 South Figueroa Street, 41st Floor
3  Los Angeles, California 90017
   Tel.: +1 213 426 2500
4  Fax: +1 213 623 1673

5  JAMES W. MCGARRY (admitted pro hac vice)
   *JMcGarry@goodwinlaw.com*
6  YVONNE W. CHAN (admitted pro hac vice)
   *YChan@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   100 Northern Avenue
8  Boston, MA 02210
   Tel.: +1 617 570 1000
9  Fax: +1 617 523 1231

10 THOMAS M. HEFFERON (admitted pro hac vice)
   *THefferon@goodwinlaw.com*
11 **GOODWIN PROCTER LLP**
12 1900 N St. NW
13 Washington, DC 20036
   Tel: +1 202 346 4000
14 Fax: +1 202 346 4444

15 Attorneys for Defendant
   BANK OF AMERICA, N.A.
16

17                    **UNITED STATES DISTRICT COURT**

18                  **SOUTHERN DISTRICT OF CALIFORNIA –**

19                         **SAN DIEGO DIVISION**

| | |
|---|---|
| 20  IN RE: BANK OF AMERICA | Case No. 21-MD-02992-LAB-MSB |
| 21  CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION | **DEFENDANT BANK OF AMERICA, N.A.'S DISCOVERY POSITION STATEMENT** |
| 22 | |
| 23 | Courtroom: 14A – 14th Floor |
| 24 | Judge: Hon. Michael S. Berg |
| 25 | |

26
27
28

Pursuant to the Court's July 21, 2021 Order (Dkt. No. 51), Defendant Bank of America, N.A. ("BANA") submits its discovery position statement. Simply put, no discovery is needed for "urgent relief and timely payment of unemployment benefits." *Id.* at 2. That is so because virtually every cardholder is presently able to access their accounts and seek payment of any unauthorized transaction "claims" they have made.

The crux of Plaintiffs' case is the freezing or blocking of cardholder accounts or unauthorized transaction claims being disallowed as a result of suspected fraudulent activity. Neither presents the type of urgent circumstance that justifies the burdensome discovery Plaintiffs seek.

The vast majority of currently frozen accounts were frozen at EDD's request, and Plaintiffs have stated many times that such freezes are not part of their case. The limited number of remaining, currently frozen accounts were frozen by BANA because its investigation or law enforcement information revealed ties to criminal networks or other fraudulent behavior, or because of legal process (*e.g.*, seizure warrants). BANA also "blocks" accounts based on suspected fraudulent activity, including concerns about identity theft or account compromise. A cardholder whose account is blocked may contact BANA (either by phone or by visiting a branch) to verify their identity; once verified, the account is immediately unblocked and the cardholder's use of the card is restored.

As for Plaintiffs' attack on BANA's handling of claims, BANA no longer uses the automated claims fraud filter to close claims of allegedly unauthorized transactions ("Claims"). Virtually every such Claim that was previously closed based solely on the claims fraud filter has been addressed: either already paid, or reopened and investigated, or allowed reconsideration under the *Yick* preliminary injunction procedures. As of July 26, 2021, over 29,000 Claims have been reconsidered and paid, and over 17,000 Claims have been reconsidered and denied.

Thus, discovery is not needed to achieve any "need for urgent relief" because

current processes provide that relief. Specifically, all cardholders have or can restore access to their accounts unless (a) they cannot prove their identity, or (b) EDD identified them as fraudulent, they have ties to criminal networks or other suspicious behavior, or they are subject to legal process. And almost all cardholders with Claims that were closed or denied based on the claims fraud filter are subject to the reconsideration processes in the preliminary injunction.

Given the lack of urgency, conducting discovery before the Court rules on BANA's motion to dismiss would be particularly inefficient and unnecessarily burdensome. Plaintiffs should not be permitted to conduct discovery regarding frozen or blocked cards, for example, when the cardholder agreement expressly permits BANA to freeze accounts if BANA "suspect[s] irregular, unauthorized, or unlawful activities." Discovery about BANA's claims investigation practices also should not be permitted until the Court has ruled on, among other things: (i) whether Plaintiffs' accounts are covered by EFTA/Reg E; (ii) whether Plaintiffs have adequately pled an EFTA/Reg E violation or breach of contract (where many have been fully reimbursed, and others do not even allege they experienced unauthorized transactions); and (iii) the scope of any remaining claim.

The remaining legal claims in the case (and the discovery served in *Yick*) focus on three main areas: the use of magnetic stripe versus chip cards, an alleged data breach, and customer service issues. None of this discovery is urgent and all of it relates to claims that will be subject to a motion to dismiss. There is no legal support for the novel theory that the magnetic stripe cards that EDD specified in its contract as a technology requirement violate the California Consumer Privacy Act or any other legal duty owed by BANA; Plaintiffs have alleged no facts whatsoever to support their theory that a data breach occurred; and BANA's customer service obligations are rooted solely in its agreement with EDD, which Plaintiffs have no right to enforce as they are not third-party beneficiaries under California law.

BANA looks forward to discussing these issues with the Court on August 5.

| | | |
|---|---|---|
| 1 | Dated: July 29, 2021 | Respectfully Submitted, |

By: /s/ Yvonne W. Chan
LAURA A. STOLL (SBN 255023)
LStoll@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 South Figueroa Street
41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

JAMES W. MCGARRY (pro hac vice)
*JmcGarry@goodwinlaw.com*
YVONNE W. CHAN (pro hac vice)
*YChan@goodwinlaw.com*
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

THOMAS M. HEFFERON (pro hac vice)
*THefferon@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N St. NW
Washington, DC 20036
Tel: +1 202 346 4000
Fax: +1 202 346 4444

JANICE P. BROWN (SBN 114433)
*jbrown@meyersnave.com*
ARLENE R. YANG (SBN 297450)
*ayang@meyersnave.com*
**MEYERS NAVE**
600 B Street, Suite 1650
San Diego, CA 92101
Tel: +1 619 330 1700
Fax: +1 619 330 1701

BARRY W. LEE (SBN 088685)
*bwlee@manatt.com*
**MANATT PHELPS & PHILLIPS LLP**
One Embarcadero Center, 30th Floor
San Francisco, CA 94111

DEFENDANT BANK OF AMERICA, N.A.'S
DISCOVERY POSITION STATEMENT                4        CASE NO. 21-MD-02992-LAB-MSB

|    |    |
|----|----|
| 1  | Tel.: +1 415 291 7450 |
| 2  | Fax: +1 415 291 7474 |
| 3  | *Attorneys for Defendant*  *BANK OF AMERICA, N.A.* |
| 4  |    |
| 5  |    |
| 6  |    |
| 7  |    |
| 8  |    |
| 9  |    |
| 10 |    |
| 11 |    |
| 12 |    |
| 13 |    |
| 14 |    |
| 15 |    |
| 16 |    |
| 17 |    |
| 18 |    |
| 19 |    |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of the court for the United States District Court for the Southern District of California by using the CM/ECF system on July 29, 2021.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.  I certify under penalty of perjury that the foregoing is true and correct.

Executed:    July 29, 2021                              /s/ Yvonne W. Chan